**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kenneth Odell Jackson, Appellant.

Appellate Case No. 2012-212700

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2015-UP-016
Submitted August 1, 2014 – Filed January 14, 2015

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Morris*, 395 S.C. 600, 606, 720 S.E.2d 468, 471 (Ct. App. 2011) ("When reviewing a Fourth Amendment search and seizure case, an

appellate court *must* affirm if there is any evidence to support the ruling. The appellate court will reverse only when there is clear error." (emphasis added)); *id.* "[T]his deference does not bar this [c]ourt from conducting its own review of the record to determine whether the trial [court]'s decision is supported by the evidence." (internal quotation marks omitted)); *State v. Tindall*, 388 S.C. 518, 523 n.5, 698 S.E.2d 203, 206 n.5 (2010) (stating an appellate court "must ask first, whether the record supports the trial court's assumed findings . . . and second, whether these facts support a finding that that the officer had reasonable suspicion of a serious crime to justify continued detention of [the defendant]"); *State v. Pichardo*, 367 S.C. 84, 98, 623 S.E.2d 840, 847 (Ct. App. 2005) ("Once a motor vehicle is detained lawfully for a traffic violation, the police may order the driver to exit the vehicle without violating Fourth Amendment proscriptions on unreasonable searches and seizures."); *Morris*, 395 S.C. at 607, 720 S.E.2d at 471 (stating the officer may also request a driver's license and vehicle registration, run a computer check, and issue a citation); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("A traffic stop supported by reasonable suspicion of a traffic violation remains valid until the purpose of the traffic stop has been completed."); *id.* at 115, 747 S.E.2d at 460 ("[O]ff-topic questioning does not constitute a separate seizure for Fourth Amendment purposes so long as it does not measurably extend the duration of a lawful traffic stop.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.